UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH F. BUTTERFIELD,

        Plaintiff,

                                    CASE NO. 2:07-CV-11477
v.                                  HONORABLE VICTORIA A. ROBERTS

RUO SANDERS, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.    Introduction

Kenneth F. Butterfield ("Plaintiff"), a state prisoner currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against three residential unit officers, identified as RUO Sanders, RUO Beard, and RUO Smith, who are employed at the Saginaw Correctional Facility in Freeland, Michigan. Plaintiff alleges that the defendants have deprived him of personal property in violation of his rights and seeks monetary damages as well as injunctive and declaratory relief. Plaintiff has been granted *in forma pauperis* status.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if satisfied that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Additionally, pursuant to 28 U.S.C. § 1915A, a district court must *sua sponte* dismiss a complaint in which a prisoner seeks redress from a

1

governmental entity or employee, if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Having considered the matter, the Court concludes that Plaintiff's complaint is barred by the doctrine of res judicata, fails to state a claim upon which relief may be granted, and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## II. Discussion

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed which entitles the plaintiff to relief.

Plaintiff's complaint concerns the confiscation of his personal property by prison officials in April, 2004. Plaintiff has previously filed a civil rights complaint with this Court against several prison officials, including defendants Sanders and Beard, raising the same allegations contained in the present complaint. That lawsuit was summarily dismissed by United States District Judge Paul V. Gadola for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See Butterfield v. Lafler, et al.*, No. 05-CV-40128-FL (E.D. Mich. May 23, 2005) (copy attached as an appendix to this opinion).

Under the res judicata/claim preclusion doctrine, a claim is barred by prior litigation if the following elements are present:  (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) identity of the causes of action.  *See Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

In this case, all four elements are present.  Plaintiff's prior lawsuit was dismissed by Judge Gadola on the merits for failure to state a civil rights claim.  The defendants in the present lawsuit are RUOs Sanders, Beard, and Smith, who were parties in the former lawsuit and/or are in privity with the defendants in that lawsuit.  *See, e.g., Smith v. Capots*, 78 F.3d 585, 1996 WL 99322, *2 (6th Cir. 1996) (unpublished).  Plaintiff's present complaint raises the same issues contained in his prior lawsuit and the causes of action in both lawsuits are the same.  As such, Plaintiff's present complaint is barred by the doctrine of res judicata and must be dismissed as frivolous.  *See Butts v. Wilkinson*, 145 F.3d 1330, 1998 WL 152778, *1 (6th Cir. 1998) (unpublished) (upholding dismissal of prisoner civil rights complaint pursuant to 28 U.S.C. § 1915A based upon res judicata doctrine); *McWilliams v. State of Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997) (repetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious); *Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1150 (N.D. Ill. 1995) (dismissal of prisoner civil rights action as frivolous given preclusive effect against similar claims raised in subsequent complaint).

Moreover, even if Plaintiff's complaint were not subject to dismissal on res judicata grounds, this Court would nonetheless conclude that it should be dismissed for failure to state a

claim upon which relief may be granted for the reasons stated in Judge Gadola's opinion. *See Butterfield v. Lafler, et al.*, No. 05-CV-40128-FL at pp. 3-5.

### III. Conclusion

For the reasons stated, the Court concludes that Plaintiff's complaint is barred by the doctrine of res judicata and that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **ORDERS** that Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Additionally, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED**.

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated: April 10, 2007**

**The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on April 10, 2007.**

**S/Carol A. Pinegar**
**Deputy Clerk**